RECEIVED
IN LAKE CHARLES, LA

APR 25 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL MONK | : | DOCKET NO. 2:10 CV 1137 |
| VS. | : | JUDGE MINALDI |
| PERFORMANCE CONTRACTORS, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [Doc. 24], filed by the defendant, Performance Contractors, Inc. ("Performance Contractors"). The plaintiff, Michael Monk, filed an Opposition [Doc. 28], and Performance Contractors filed a Reply [Doc. 31].

## FACTS

Mr. Monk was injured when a car rear-ended his vehicle as he drove home from work on April 28, 2010.[1] At the time of the accident, Mr. Monk was employed by Performance Contractors. Two Performance Contractors supervisors, Patrick Vincent and Jeremy Cooper, visited Mr. Monk while he was being treated in the emergency room.[2] Mr. Monk alleges that during their visits, Mr. Vincent and Mr. Cooper each orally promised him that Performance Contractors would pay any medical expenses he incurred as a result of the accident.[3] Both Mr.

---

[1] Def.'s Statement of Material Facts ¶ 1 [Doc. 24-2].

[2] *See* Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J. Ex.B, Aff. of Betty Kerry ¶¶ 3 & 4 [Doc. 28-2].

[3] Notice of Removal Ex. 1, State Court Petition ¶ 5 [Doc. 1-2].

1

Vincent and Mr. Cooper deny making any such statement.[4]

Mr. Vincent and Mr. Cooper further deny that they had any authority to agree to have Performance Contractors pay an employee's medical bills.[5] Mr. Cooper served as Performance Contractors' Regional Operations Manager and oversaw approximately 3500 employees within his region.[6] Mr. Vincent was a Superintendent for Performance Contractors and likewise supervised a number of employees.[7] Both supervisors had the authority to recommend that Performance Contractors hire certain employees and to negotiate their pay rates.[8] They each testified, however, that they lacked authority to offer employees additional benefits.[9]

Performance Contractors maintains a formal health benefit plan for all full-time employees who have completed a sixty-day waiting period.[10] In order to be covered under the plan, an employee must enroll.[11] Mr. Monk admits that he never enrolled in the plan.[12] Nevertheless, based on the alleged representations of Mr. Vincent and Mr. Cooper, Mr. Monk submitted his medical bills from the accident to Performance Contractors for payment.[13]

---

[4] Def.'s Mot. for Summ. J. Ex. C, Dep. of Patrick Vincent p. 47, ll. 14-15 [Doc. 24-7]; Def.'s Mot. for Summ J. Ex. D, Dep. of Jeremy Cooper p. 32, ll. 17-19 [Doc. 24-8].

[5] Dep. of Patrick Vincent p. 49, ll. 10-13; Dep. of Jeremy Cooper pp. 32-33.

[6] Dep. of Jeremy Cooper pp. 11-13.

[7] Dep. of Patrick Vincent p. 23, ll. 22-24.

[8] Dep. of Jeremy Cooper pp. 17, 54-55.

[9] Dep. of Patrick Vincent p. 49, ll. 10-13;

[10] Def.'s Mot. for Summ. J. Ex. A-1, Health Benefit Plan [Doc. 24-5].

[11] Def.'s Statement of Uncontested Material Facts ¶ 7.

[12] *Id.* ¶ 13.

[13] State Court Petition ¶ 7.

Performance Contractors refused to pay, and on June 3, 2010, Mr. Monk filed this lawsuit in the 14th Judicial District Court, Parish of Calcasieu, Louisiana. He alleges that Performance Contractors breached its oral contract to pay his medical expenses resulting from the accident.[14] Additionally, Mr. Monk alleges that Performance Contractors promised to provide him with health insurance as a part of his employment contract and that it breached the employment contract by failing to do so.[15]

Performance Contractors removed the suit to this court on the basis of federal question jurisdiction.[16] It argued that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, completely preempts Mr. Monk's state law breach of contract claims and that jurisdiction is therefore proper under 28 U.S.C. § 1331.[17]

Mr. Monk filed a Motion to Remand [Doc. 6], arguing that his claims do not relate to an ERISA plan and therefore fall outside of the scope of ERISA's preemption clause, which provides that ERISA supersedes "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a) (2009). Magistrate Judge Kay denied the motion, finding that both Performance Contractors' formal employee health plan and its alleged oral contract to pay Mr. Monk's medical expenses arising

---

[14] *Id.* ¶ 8.

[15] *Id.* ¶¶ 9-12.

[16] Notice of Removal ¶ 3.

[17] *Id.*

out of the accident constitute "plans" within the meaning of ERISA.[18] Because Mr. Monk's state law claims relate to those plans, Judge Kay held that they are completely preempted by ERISA.[19]

Performance Contractors now moves for summary judgment dismissing Mr. Monk's case in its entirety. It argues that ERISA precludes the enforcement of oral agreements that alter the terms of an ERISA plan.[20] Alternatively, it argues that Mr. Vincent and Mr. Cooper lacked actual or apparent authority to bind Performance Contractors in any agreement to pay Mr. Monk's medical expenses.[21]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If

---

[18] Mem. Order Denying Pl.'s Mot. to Remand 5-10.

[19] *Id.* at 10-12.

[20] Def.'s Mot. for Summ. J. ¶ 3.

[21] *Id.* ¶ 5.

4

the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the movant satisfies this burden, however, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party." *Id.*

## ANALYSIS

Mr. Monk does not contest that ERISA does not provide a cause of action to enforce oral agreements that alter the terms of an ERISA plan.[22] Instead, he reurges his argument that his claims to enforce Performance Contractors' alleged oral contract to pay his medical bills do not "relate to" any ERISA plan.[23] Accordingly, he requests that the court reconsider the magistrate judge's prior ruling denying his Motion to Remand.[24]

The court, however, finds that Judge Kay's decision was correct and therefore declines to revisit it here. Both Performance Contractors' formal employee health insurance plan and the alleged oral contract to pay Mr. Monk's medical expenses arising out of the accident constitute

---

[22] *See* Pl.'s Opp. to Def.'s Mot. for Summ. J. [Doc. 28].

[23] *Id.* at 1.

[24] *Id.*

ERISA plans.[25] Therefore, both of Mr. Monk's state law claims are completely preempted by ERISA.[26] The court will address each claim in turn.

### I. Contract to Provide Health Insurance

Performance Contractors' alleged agreement to provide Mr. Monk with health insurance is unenforceable under ERISA. Section 402 of ERISA provides that "every employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1) (2009). The purpose of this requirement is to "prevent collusive or fraudulent side agreements between employers and employees [that] . . . discriminate in favor of certain plan participants to the detriment of others" and to "protect[] the plan's actuarial soundness by preventing plan administrators from contracting to pay benefits to persons not entitled to such under the express terms of the plan." *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1296 (5th Cir. 1989). In *Cefalu*, the Fifth Circuit held that giving effect oral agreements that modify the written terms of an ERISA plan would thwart these purposes. *Id.* Accordingly, it held that such agreements cannot be the basis of a cause of action under ERISA. *Id.* at 1297.

Mr. Monk's claim that Performance Contractors failed to provide him with medical insurance essentially amounts to a claim that Performance Contractors breached an oral or implied agreement to modify its Health Benefit Plan. The Health Benefit Plan is available to all full-time employees who have completed a sixty-day waiting period, and Performance Contractors has never provided any health insurance benefit outside of the Plan.[27] Article IX of the Plan provides that "[t]o be covered under the Plan, and Employee must enroll for medical

---

[25] *See* Mem. Order Denying Pl.'s Mot. to Remand 5-12.

[26] *Id.*

[27] Health Benefit Plan 15.

6

Benefits offered by the Employer, unless covered for medical care under a government plan or as a Dependent under his/her spouse's plan."[28]

Mr. Monk admits that he never enrolled for benefits under the Health Benefit Plan, and he does not assert that he is either covered under a government plan or his spouse's plan.[29] Instead, he argues that his employment contract entitles him to health insurance provided by Performance Contractors despite his failure to enroll.[30] Essentially, Mr. Monk argues that Performance Contractors breached an agreement to waive the enrollment requirement as it applied to him. *See Robinson v. Fikes of Alabama, Inc.*, 804 F.Supp. 277, 282 (N.D. Ala. 1992) (holding that an employee's claim to recover health insurance benefits on the basis of his employer's promise to provide him with health insurance amounted to a claim to enforce an agreement modifying the enrollment provisions of the employer's health insurance plan); *Penyak v. UNUM Life Ins. Co. of Am.*, No. 97-2117, 1998 U.S. Dist. LEXIS 5023 (D. Kan. Mar. 12, 1998) (holding that the plaintiff's claim that her employer's pre-employment promise to provide her with disability insurance entitled her to disability payments despite her failure to qualify for the employer's disability program was in a essence a claim to modify the program's eligibility requirements); *Carter v. Amax Coal Corp.*, 748 F. Supp. 812 (D. Utah 1990).

Mr. Monk has not provided evidence of any written agreement entitling him to health insurance. Because oral agreements modifying the terms of a written ERISA plan are unenforceable under *Cefalu*, his claim for Performance Contractors' breach of its alleged agreement to provide him with health insurance will be dismissed.

---

[28] *Id.*

[29] Def.'s Statement of Uncontested Material Facts ¶ 13.

[30] State Court Petition ¶¶ 9-10.

II.     **Oral Contract to Pay Medical Bills Arising Out of the April 28, 2010 Accident**

    **A. Enforceability of Unwritten ERISA Plans**

Performance Contractors' alleged agreement to pay Mr. Monk's medical expenses from the April 28, 2010 car accident presents different issues. Magistrate Judge Kay found, and this court agrees, that the agreement does not relate to Performance Contractors' Health Benefit Plan. Mr. Monk does not seek payment of his medical bills under the Health Benefit Plan, and his ability to recover his medical expenses from the car accident does not depend on whether the expenses would have been covered under that plan. The claim therefore does not relate to or modify the Health Benefit Plan. *See Travis-Owen v. IVP Pharmaceutical Care, Inc.*, No. 99-85, 1999 U.S. Dist. LEXIS 19445 (N.D. Tex. Dec. 2, 1999) (holding that an employer's promise to pay any uncovered medical expenses an employee incurred as a result of a car accident did not relate to the employer's ERISA plan). Instead, the promise constitutes a separate and distinct plan under ERISA.[31]

While *Cefalu* held that ERISA does not permit employees to enforce oral modifications to written ERISA plans, it did not address whether unwritten plans are enforceable. Every Circuit Court of Appeals to address the matter has held that they are. *See, e.g., Brines v. XTRA Corp*, 304 F.3d 699, 701 (7th Cir. 2002); *Donovan v. Dillingham*, 688 F.2d 1367, 1372-73 (11th Cir.1982) (en banc); *Kenney v. Roland Parson Contracting Corp.*, 28 F.3d 1254, 1257-58 (D.C.Cir.1994). These courts reason that although ERISA requires plans to be in writing, a company should not be permitted benefit from its failure to comply with the statute. *Brines*, 304 F.3d at 701 (citing *Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 241 (5th Cir.1990); *Brown v. Ampco-Pittsburgh Corp.*, 876 F.2d 546, 551 (6th

---

[31] *See* Mem. Order Denying Pl.'s Mot. to Remand 8.

8

Cir.1989); *Donovan*, 688 F.2d at 1372). This court agrees and therefore holds that unwritten benefit plans are enforceable under ERISA.

### B. Supervisors' Authority to Bind Performance Contractors to Pay Mr. Monk's Medical Bills

Performance Contractors argues that Mr. Monk's claim should nevertheless be dismissed because neither Mr. Cooper nor Mr. Vincent possessed actual or apparent authority to bind Performance Contractors in a contract to pay an employee's medical bills.[32] In response, Mr. Monk argues that because Mr. Cooper and Mr. Vincent were each permitted to recommend that Performance Contractors hire workers at a specific pay rate, they "clearly had authority to have Performance Contractors agree to pay Mr. Monk's medical bills."[33] Mr. Cooper testified, however, that any hiring recommendations either supervisor made were contingent upon final approval by Performance Contractors' Human Resources Office.[34] Moreover, Mr. Monk has failed to provide any evidence that either Mr. Cooper or Mr. Vincent had any authority to offer employees benefits beyond their regular salary or pay rate. Accordingly, the court finds as a matter of law that neither had actual authority to bind Performance Contractors to pay Mr. Monk's medical bills.

Apparent authority was also lacking. "Apparent authority is present when a principal clothes its agent with the semblance of authority such that a reasonably prudent person having knowledge of the business involved would be justified in believing that the agent has the power the person assumes that he has." *Kral, Inc. v. Southwestern Life Ins. Co.*, 999 F.2d 101, 104 (5th Cir. 1993). Mr. Monk's belief that Mr. Cooper and Mr. Vincent had authority to promise that

---

[32] Def.'s Mot. for Summ. J. 9-12.

[33] Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J. 4.

[34] Dep. of Jeremy Cooper pp. 54-55.

Performance Contractors would pay his medical bills was not reasonable. All decisions regarding employee benefits were made in Performance Contractor's Human Resources office.[35] Mr. Monk testified that he was aware of this fact and that he knew that Mr. Vincent was not "at the top of the chain of command" with respect to employee health insurance.[36] He therefore cannot demonstrate that it was reasonable for him to assume that either Mr. Vincent or Mr. Cooper could agree to have Performance Contractors pay his medical bills. Because Mr. Vincent or Mr. Cooper both lacked actual and apparent authority to bind Performance Contractors in an agreement to pay Mr. Monk's medical bills, Mr. Monk's claim will be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment will be granted, and Mr. Monk's case will be dismissed with prejudice.

Lake Charles, Louisiana, this 25 day of April 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[35] *Id.* at 21.

[36] Pl. Mem. in Opp. to Def.'s Mot. to Dismiss Ex. D, Dep. of Michael Monk p. 23 ll. 8-17; p. 45 ll. 4-13.